IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| JOE HAND PROMOTIONS, INC., <br>  Plaintiff, <br>     v. <br> HOLLYWOOD ENTERPRISES LLC d/b/a ROSE GOLD BAR & LOUNGE, <br>  Defendant. | Civil Action No. <br> 1:22-cv-01248-SDG |

**OPINION AND ORDER**

Before the Court is Plaintiff Joe Hand Promotions, Inc.'s (Joe Hand) motion for default judgment against Defendant Hollywood Enterprises LLC (d/b/a Rose Gold Bar & Lounge) (Rose Gold) [ECF 13]. After careful consideration and for the following reasons, the motion for default judgment [ECF 13] is **GRANTED.**

**I.   Background**

 **A.   Facts**

Joe Hand filed this action to recover for the unauthorized interception and exhibition of a copyrighted fight program (*Ultimate Fighting Championship® 253: Israel Adesanya v. Paulo Costa*, the Program), which aired on September 27, 2020.[1] Joe Hand held the "exclusive commercial distribution rights" to the Program. Joe Hand alleges that Rose Gold pirated and published the Program to an audience of

---

[1] *See generally* ECF 1; *see also id.* ¶ 5.

Rose Gold patrons without Joe Hand's authorization, violating the Communications Act of 1934, 47 U.S.C. § 605, *et seq.*, and the Cable & Television Consumer Protection and Competition Act of 1992, *id.* § 553, *et seq.* (collectively, Count I).[2]

### B. Procedural History

On March 30, 2022, Joe Hand filed its initial complaint against Jeramie Lawrence and Rose Gold.[3] On September 28, Joe Hand served Rose Gold via substituted service on the Georgia Secretary of State.[4] On December 22, Joe Hand moved the Clerk to enter default against Rose Gold, which the Clerk so entered on December 27.[5] On February 10, 2023, Joe Hand voluntarily dismissed Lawrence and moved for default judgment against Rose Gold.[6]

## II. Default Judgment

### A. Legal Standard

Federal Rule of Civil Procedure 55 establishes a two-step process for a party to secure a default judgment. First, a party seeking default must obtain a Clerk's

---

[2] *Id.* ¶¶ 5, 20, 21.

[3] ECF 1.

[4] ECF 11.

[5] ECF 12.

[6] ECF 13; ECF 14.

entry of default pursuant to Rule 55(a) by providing evidence "by affidavit or otherwise" that the opposing party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55. Second, after the Clerk has made an entry of default, the party seeking the judgment must file a motion under Rule 55(b)(1) or (2). *See also Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1360 n.1 (N.D. Ga. 2011) ("First the clerk must enter a party's default . . . the party [seeking the default judgment] must then apply to the court for a default judgment.").

A default entered pursuant to Rule 55(a) constitutes an admission of all well-pled factual allegations contained in a complaint. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (citations and punctuation omitted). An entry of a default by the Clerk, however, does not automatically warrant the Court's entry of default judgment, as a defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Frazier*, 767 F. Supp. 2d at 1362. *See also United States v. Khan*, 164 F. App'x 855, 858 (11th Cir. 2006) ("[A] default judgment may not stand on a complaint that fails to state a claim."). Thus, "[w]hen considering a motion for default judgment, a court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief." *Crossfit, Inc. v. Quinnie*, 232 F. Supp. 3d 1295, 1304 (N.D. Ga. 2017). *See also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245

(11th Cir. 2015) ("Conceptually . . . a motion for default judgment is like a reverse motion to dismiss for failure to state a claim."). Ultimately, "[t]he entry of a default judgment is committed to the discretion of the district court." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985).

### B. Rose Gold's Liability

In support of its motion for default judgment, Joe Hand submitted an affidavit averring to the facts necessary to show Rose Gold's liability.[7] Joe Hand seeks relief under Section 605 of the Communications Act of 1934, which provides that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). In the alternative, Joe Hand seeks to recover under Section 553 of the Cable & Television Consumer Protection and Competition Act of 1992, which implicates unauthorized broadcasts "offered over a cable system." 47 U.S.C. § 553(a)(1).

Because Rose Gold did not timely respond to the facts underpinning each of Joe Hand's alternative theories of liability in Count I, the facts are admitted.

---

[7] ECF 13-4.

*Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 850 F. Supp. 2d 1336, 1355 (N.D. Ga. 2012) (citing *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)). To prove violations of these statutes in the default-judgment context, Joe Hand must adequately allege that Rose Gold: "(1) intercepted or received the Program, (2) did not pay for the right to receive or to exhibit the Program, and (3) displayed the Program to patrons of its commercial establishment." *Joe Hand Promotions, Inc. v. Roussell*, 2019 WL 5273962, at *1 (N.D. Ga. Jan. 30, 2019). *See also J & J Sports Prods., Inc. v. Khin*, 2016 WL 9046677, at *3 (N.D. Ga. Mar. 31, 2016); *J & J Sports Prods., Inc. v. Just Fam, LLC*, 2010 WL 2640078, at *2 (N.D. Ga. June 28, 2010). "[W]illfulness under section 605 is established by the fact that an event is broadcast without authorization." *J & J Sports Prods., Inc. v. Space Millennium 2013, LLC*, 2015 WL 13357907, at *3 (N.D. Ga. Sept. 17, 2015)*; accord Joe Hand Promotions, Inc. v. Blanchard*, 2010 WL 1838067, at *4 (S.D. Ga. May 3, 2010).

Joe Hand adequately alleges that the Program was received at Rose Gold through a satellite signal, unauthorized cable system, or it was streamed through the internet and displayed for Rose Gold's patrons, meeting both the willful standard under Section 605 and the first factor under Section 553.[8] To legally

---

8   ECF 1, ¶¶ 11–13.

stream and display the Program, Rose Gold was required to pay Joe Hand a commercial licensing fee "determined by the capacity of the establishment," but Rose Gold did not.[9] An investigator personally observed Rose Gold exhibiting the Program to patrons unlawfully on the day in question.[10] Reviewing these facts, the Court finds that Joe Hand has adequately pled that Rose Gold violated Sections 553 and 605. Joe Hand is therefore entitled to judgment by default as to liability on Count I.

### C. Damages

Though the allegations related to liability are deemed admitted for purposes of default judgment, a defendant in default does not admit allegations relating to the amount of damages. *Frazier*, 767 F. Supp. 2d at 1365. If a defendant seeking a default judgment requests an "uncertain or speculative damage amount, a court has an obligation to assure there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). "Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the

---

[9] *Id.* ¶ 10.

[10] *Id.* ¶ 15; ECF 13-3.

necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (cleaned up).

### 1.      **Statutory Damages**

For Count I, Joe Hand seeks statutory and enhanced damages.[11] Where a court "determines that a defendant's conduct has violated both [S]ections 553 and 605 of the Communications Act, a plaintiff may recover damages under only one of those sections." *Just Fam*, 2010 WL 2640078, at *2. *See also J & J Sports Prods., Inc. v. Herbelaine, Inc.*, 2016 WL 9045967, at *4 (N.D. Ga. Feb. 8, 2016) ("Recovery under both §§ 553 and 605 is not permissible."). Courts need not fault Joe Hand for failing to commit to a single statute, as the method of interception, the key distinction, may be beyond Joe Hand's possible knowledge. *Joe Hand Promotions, Inc. v. McBroom*, 2009 WL 5031580, at *2 (M.D. Ga. Dec. 15, 2009). Section 605 allows for greater damages than Section 553; therefore, the Court will extend Joe Hand the benefit of the doubt and analyze the action pursuant to Section 605.

Under Section 605, the Court must award statutory damages ranging from $1,000–$10,000 before applying any enhancements. *Id.* (e)(3)(C)(i)(II). For willful violations for commercial advantage, the Court may enhance those damages by as

---

[11]   ECF 13-2, at 4.

much as $100,000. *Id.* § 605(e)(3)(C)(ii). If the violator was unaware that its acts were a violation, the Court may reduce the damages to not less than $250. *Id.* § 605(e)(3)(C)(iii).

Joe Hand seeks a fixed sum of damages of $110,000.00,[12] but the Court has broad discretion to determine the proper damages amount. *Id.* § 605(e)(3)(C)(ii); *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990) (stating that courts have "wide latitude . . . in awarding statutory damages."). Though Joe Hand raises arguments in its brief about Rose Gold's conduct and its impact on the economics of Joe Hand's business model, these arguments assume or state facts not in the record.[13] For example, there is no evidence that Rose Gold's conduct had a measurable effect on the consumer demand of Joe Hand's paying clients.[14] Neither does the record contain any assessment of Rose Gold's wrongful profits nor the "corrosive" effect of Rose Gold's conduct.[15] However, Joe Hand's affidavits do establish that: (1) the fee for an establishment with a maximum

---

[12] ECF 13, at 3. *See also* ECF 13-2, at 8.

[13] *Id.* at 8–9 ("Commercial signal pirates are looking to avoid, not attract, detection for their unlawful acts, and have no financial investment in the programming they are unlawfully exhibiting.").

[14] ECF 13-2, at 10.

[15] *Id.* at 11.

occupancy of 0–50 people is $866, and (2) Rose Gold has an approximate maximum occupancy of 50 people, while its actual occupancy during the event was roughly 20 people.[16]

In this context, the Court must consider whether to order an evidentiary hearing. *McBroom*, 2009 WL 5031580, at *4. There is no *per se* requirement that the Court hold one. *Gibson v. Kirkwood Bar & Grill, LLC*, 2014 WL 632357, at *1 (N.D. Ga. Feb. 18, 2014) (citing *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011). "When all essential evidence is already of record," the Court may enter a damage amount without resort to a hearing. *Frazier*, 767 F. Supp. 2d at 1365 (citing *Sec. & Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)). *See also SED Int'l, Inc. v. Kage Sys.*, 2009 WL 4641778, at *2 (N.D. Ga. Dec. 1, 2009) ("A judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation."). Here, the statute provides a minimum damage award once liability has been established. Liability is established, and though the evidence might be supplemented with a hearing, there is enough to justify an award.

---

[16] ECF 13-3; ECF 13-4.

The affidavits show Rose Gold dodged a fee of roughly $866, payable to Joe Hand. Rose Gold acted willfully in pirating the fight. The Court awards $1,000, the statutory minimum under Section 605(e)(3)(C)(ii) and finds that triple the $866 fee that would have been charged is reasonable under Section 605(e)(3)(C)(iii). *Roussell*, 2019 WL 5273962, at *4. The Court therefore awards a total of $3,598 in statutory damages.

### 2. Attorneys' Fees

Because Rose Gold's liability has been established as to Count I of the Complaint, Joe Hand may be entitled to its reasonable attorneys' fees.

To determine compensable attorneys' fees in this Circuit, courts apply the lodestar method, which is based on the hours reasonably spent on the case multiplied by the reasonable hourly rate. *Johnston v. Borders*, 36 F.4th 1254, 1277–78 (11th Cir. 2022). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Generally, the "relevant legal community" is that of the place where the case is filed. *Spurlock v. Complete Cash Holdings, LLC*, 2021 WL 1960634, at *3 (N.D. Ga. May 14, 2021). Thus, the relevant legal community is Atlanta, Georgia.

In support of its bid for fees, Joe Hand submitted time records from its counsel, Coles Barton.[17] One attorney billed 4.8 hours at $275 an hour and one paralegal billed 9.8 hours at $175 an hour.[18] The "services rendered" to Joe Hand accordingly amounts to $3,035.[19]

Based on its knowledge of the Atlanta legal market, the Court finds that the requested hourly rates and time expended generally on this matter are reasonable and consistent with other small firms in Atlanta. However, the Court notes that counsel billed between 2 and 2.7 hours to "analyze service of process." As the description is both vague and incommensurate with the time billed, the Court reduces the billing by 2 hours at the $275 rate and awards Joe Hand a total of $2,485 for attorney's fees.

---

[17]  ECF 13-6.

[18]  *See generally id.*

[19]  *Id.* at 1.

### III. Conclusion

Joe Hand's motion for default judgement [ECF 13] is **GRANTED**. Joe Hand is entitled to $3,598 in statutory damages and $2,485 in attorney's fees. The Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 25th day of September, 2023.

_____
Steven D. Grimberg
United States District Court Judge
